**E-filed 11/15/06**

Kenneth W. Starr (SBN 58382)
James Shannon (SBN 232039)
Tracy K. Genesen (SBN 159324)
Ryan M. Christian (SBN 239660)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:        rchristian@kirkland.com

Attorneys for Plaintiffs
KNIGHTSBRIDGE WINE SHOPPE, LTD.;
CASCO COMMUNICATIONS dba
VIRGINIA WINE OF THE MONTH CLUB; and
STEVEN M. COHEN, an individual

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KNIGHTSBRIDGE WINE SHOPPE, LTD.; CASCO COMMUNICATIONS dba VIRGINIA WINE OF THE MONTH CLUB; and STEVEN M. COHEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JERRY R. JOLLY, in his official capacity as Director of the California Department of Alcoholic Beverage Control,<br><br>Defendant. | CIVIL ACTION NO. 5:06-cv-02890-JF<br><br>STIPULATION, AGREEMENT, AND [~~PROPOSED~~] ORDER |

## I. Stipulation

The parties have met and stipulate to the following facts:

1. Pursuant to the California Alcoholic Beverage Control Act (the "ABC Act"), California off-sale wine and beer licensees may sell and ship wine in packages and in quantities of 52 gallons or less per sale directly to adult California residents for personal use and not for resale. *See* Cal. Bus. & Prof. Code §§ 23393, 25605; Cal. Code Regs. tit. 4, § 17(e). For purposes of the ABC Act, an adult is a person aged 21 or over. *See, e.g.*, Cal. Bus. & Prof. Code § 25658.

2. Retail licensees in Reciprocity States, that is, in States that afford California retail licensees an equal reciprocal shipping privilege, may ship no more than two cases of wine (no more than nine liters each case) per month directly from their premises to adult California residents for personal use and not for resale. *See* Cal. Bus. & Prof. Code § 23661.2.

3. Retail licensees in Non-Reciprocity States are generally prohibited from shipping wine directly from their premises to adult California residents. *See* Cal. Bus. & Prof. Code §§ 23300 [generally prohibiting any person from performing any act for which a California license is required without such a license]; 23661 [requiring, as a general rule, that alcoholic beverages brought into California from outside the State be consigned to a California licensed importer].

4. California law authorizes the California Department of Alcoholic Beverage Control (the "Department") to seize direct shipments of wine that violate Cal. Bus. & Prof. Code §§ 23300, 23661 or 23661.2.

5. The Department has never taken enforcement action of any type pursuant to Cal. Bus. & Prof. Code §§ 23300, 23661, or 23661.2 against retail licensees in other States that sell and ship wine for personal use and not for resale directly to adult California residents or against common carriers that deliver such shipments for personal use and not for resale to adult California residents. The Department has always devoted, and intends to continue to devote, its

1  limited enforcement resources to other higher priorities, namely, to the fulfillment of its regulatory responsibilities with regard to California licensees and to violations of the ABC Act that directly impact the public health and safety, such as, for example, the sale, furnishing, or delivery of alcoholic beverages to minors (persons under the age of 21) or to intoxicated persons.

6. In *Granholm v. Heald*, 544 U.S. 460, 487, 472 (2005), the United States Supreme Court declared that "the nondiscrimination principle" of the Commerce Clause prohibits States from "enact[ing] laws that burden out-of-state producers or shippers simply to give a competitive advantage to in-state businesses."

7. Plaintiffs contend that, as applied to the direct shipment of wine by out-of-state licensed retailers to adult consumers, statutory schemes such as California's violate this nondiscrimination principle, as do plaintiffs in other similar suits pending in the federal courts of this nation. Defendant contests this and, in addition, contends, among other things, that in light of the enforcement history and practice recounted above, Plaintiffs lack constitutional standing to sue and that their claims are not ripe for review. Plaintiffs, in turn, contend that they have constitutional standing and that their claims are ripe for review.

8. Recently, the parties were informed and do believe that the Specialty Wine Retailers Association and/or other wine industry groups intend to pursue legislative action during the 2007-2008 session of the California Legislature to amend the ABC Act to grant all retail licensees in other States the right to sell and ship wine directly from their premises to adult California residents.

## II. Agreement

In light of the above Stipulation and for good and valuable consideration including the mutual promises exchanged hereby, the parties agree to be bound as follows:

1. In accordance with Section I.5 above, Defendant Jolly in his official capacity as Director of the California Department of Alcoholic Beverage Control, and through him, any successor substituted in his place, agrees that the Department will continue to exercise its

1 | prosecutorial discretion not to pursue enforcement action of any type pursuant to Cal. Bus. &
2 | Prof. Code §§ 23300, 23661, or 23661.2 against retail licensees in other States for selling and
3 | shipping wine for personal use and not for resale directly to adult California residents or against
4 | common carriers that deliver such shipments for personal use and not for resale to adult
5 | California residents.

6      2.      Defendant Jolly, and through him any successor substituted in his place, further
7 | agrees that, upon the expiration of Section II.1, as provided below, the Department will not
8 | undertake retroactive enforcement action of any type pursuant to Cal. Bus. & Prof. Code §§
9 | 23300, 23661, or 23661.2 against retail licensees in other States based upon any sales and
10 | shipments of wine for personal use and not for resale made directly to adult California residents
11 | during the period Section II.1 was in effect or against any common carrier for delivery of such
12 | shipments for personal use and not for resale to adult California residents during the period
13 | Section II.1 was in effect.

14      3.      Section II.1 will remain in effect until the earlier of:

15          a.      The sixtieth (60th) day following the earlier of:

16              i. the date on which Defendant delivers to Plaintiffs' counsel of record
17 written notice that, in sixty (60) days, the Department intends to
18 begin enforcing Cal. Bus. & Prof. Code §§ 23300, 23661, or 23661.2
19 against retail licensees in other States that sell and ship wine for
20 personal use and not for resale directly to adult California residents
21 and/or against common carriers that deliver such shipments for
22 personal use and not for resale to adult California residents; or
23             ii. the date on which Plaintiffs file and serve a motion for a preliminary
24 injunction in this case; or
25            iii. the date on which this Court terminates the stay provided for in the
26 Order set forth in Section III on its own motion, or on Plaintiffs'
27 motion, after notice and hearing, for good cause shown.

28

|   |   |   |
|---|---|---|
| b. | | The effective date of legislation that permits all out-of-state retail licensees to ship wine via common carrier directly from their premises to adult California residents for personal use and not for resale; or |
| c. | | December 31, 2007; except that if legislation permitting all out-of-state retail licensees to ship wine via common carrier directly from their premises to adult California residents for personal use and not for resale has not been enacted by December 31, 2007 but the Specialty Wine Retailers Association and/or some other wine industry group has, or have, engaged in good faith efforts to secure the enactment of such legislation and will continue to engage in such good faith efforts, then this date shall be extended until the last day on which legislation passed during the second year of the 2007-2008 biennial session could become law under the Constitution of the State of California or December 31, 2008, whichever is earlier. |

4. A preliminary injunction hearing shall be held in this case within the sixty (60) day period provided for in Section II.3.a. so long as the moving papers are filed and served at least 35 days before the hearing date specified in the notice of motion.

5. Each side shall bear its own costs, including attorneys' fees, incurred in connection with this litigation up to and including the filing of this Stipulation, Agreement, and Order.

6. This Agreement shall become effective as of the date of entry of the proposed Order set forth in Section III as the order of this Court.

//
//
//
//
//

## III. Order

In light of the foregoing, **THE COURT ORDERS AS FOLLOWS:**

1. Proceedings in this action are hereby stayed, and this stay shall remain in effect until the earlier of the following dates:

    a. the date of delivery of the 60-day written notice provided for in Section II.3.a.i;

    b. the date on which Plaintiffs file a motion for a preliminary injunction in this case as provided for in Section II.3.a.ii;

    c. the date on which this Court terminates this stay as provided for in Section II.3.a.iii;

    d. the effective date of the legislation provided for in Section II.3.b;

    e. December 31, 2007; except that this date shall be extended as provided in Section II.3.c. if, by no later than December 31, 2007, the Parties have jointly filed a notice with this Court authorizing such extension or this Court, on motion, after hearing, has issued an order finding that such extension is warranted under section II.3.c.

2. Any disputes between or among the Parties concerning matters contained in this Agreement, if they cannot be resolved by negotiation or agreement shall be submitted to this Court. This Court shall retain exclusive and continuing jurisdiction over the conduct of this case and the Parties' Agreement and shall supervise, implement, and enforce the Parties' Agreement in accordance with its terms.

3. Each side shall bear its own costs, including attorneys' fees, incurred in connection with this litigation up to and including the filing of this Stipulation, Agreement, and Order. The Case Management Conference scheduled for December 22, 2006 is continued to Friday, March 30, 2007 ay 10:30 AM.

**IT IS SO ORDERED.**

SIGNED this 14 day of November, 2006

HONORABLE JEREMY F. FOGEL
United States District Court Judge

| | |
|---|---|
| DATED: November 10, 2006 | KIRKLAND & ELLIS LLP |
| | |
| By: _____ | By: *(signature)* |
| Kenneth W. Starr (CA SBN 58382)<br>KIRKLAND & ELLIS LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5800<br>Telephone:  (213) 680-8440<br>Facsimile:   (213) 680-8500 | James Shannon (SBN 232039)<br>Tracy K. Genesen (SBN 159324)<br>Ryan M. Christian (SBN 239660)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104-1501<br>Telephone:  (415) 439-1400<br>Facsimile:   (415) 439-1500<br>Email:        rchristian@kirkland.com |
| Attorney for Plaintiffs<br>KNIGHTSBRIDGE WINE SHOPPE, LTD.;<br>CASCO COMMUNICATIONS dba<br>VIRGINIA WINE OF THE MONTH CLUB;<br>and STEVEN M. COHEN, an individual | Attorneys for Plaintiffs<br>KNIGHTSBRIDGE WINE SHOPPE, LTD.;<br>CASCO COMMUNICATIONS dba<br>VIRGINIA WINE OF THE MONTH CLUB;<br>and STEVEN M. COHEN, an individual |

DATED: November 13, 2006

BILL LOCKYER
Attorney General of the State of California
JACOB APPLESMITH
Senior Assistant Attorney General
FIEL D. TIGNO
MIGUEL A. NERI
Supervising Deputy Attorneys General

By: *(signature)*

MARJORIE E. COX
Deputy Attorney General

Attorneys for Defendant
JERRY R. JOLLY, in his official capacity as Director of the California Department of Alcoholic Beverage Control